IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PHARMACYCLICS LLC and )
JANSSEN BIOTECH, INC., )
)
    Plaintiffs, )
)
    v. ) C.A. No._____
)
HETERO USA INC., HETERO LABS )
LIMITED,  HETERO LABS LIMITED )
UNIT-V and HETERO LABS LIMITED )
UNIT-I, )
)
    Defendants.

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Pharmacyclics LLC ("Pharmacyclics") and Janssen Biotech, Inc. ("Janssen"),

(collectively, "Plaintiffs"), by their undersigned attorneys, bring this action against Defendants

Hetero USA Inc., Hetero Labs Limited, Hetero Labs Limited Unit-V, and Hetero Labs Limited

Unit-I (collectively, "Hetero"), and hereby allege as follows:

## NATURE OF THE ACTION

1. This action for patent infringement, brought pursuant to the patent laws of the

United States, 35 U.S.C. § 1, *et seq.*, arises from Hetero's recent submission to the United States

Food and Drug Administration ("FDA") of Abbreviated New Drug Application ("ANDA") No.

211182 ("Hetero's ANDA"). Hetero seeks approval to market a generic version of Plaintiffs'

highly successful pharmaceutical product IMBRUVICA®, prior to the expiration of United States

Patent Nos. 8,754,090 ("the '090 Patent"); 9,296,753 ("the '753 Patent"); 9,540,382 ("the '382

Patent"); 9,713,617 ("the '617 Patent"); and 9,725,455 ("the '455 Patent").

**IMBRUVICA®**

2.      IMBRUVICA® (ibrutinib) is a ground-breaking drug which covalently binds to a protein called Bruton's tyrosine kinase ("BTK"), thereby irreversibly inhibiting BTK's activity.

3.      BTK is a key signaling molecule in the pathway that leads to B-cell growth and maturation following activation of the B-cell receptor. Abnormalities in the B-cell receptor signaling pathway can lead to uncontrolled cell growth and cause cancers of the blood and bone marrow. IMBRUVICA® is the first FDA-approved BTK inhibitor.

4.      Pharmacyclics invested hundreds of millions of dollars in the development of IMBRUVICA®. Pharmacyclics partnered with Janssen to bring this revolutionary drug to patients across the United States and throughout the world. Janssen, recognizing the potential of the compound, invested hundreds of millions of dollars in the clinical development and commercialization of IMBRUVICA®.

5.      Initial clinical trials using IMBRUVICA® to treat mantle cell lymphoma ("MCL") showed that patients taking IMBRUVICA® had an observed response rate of 68%. These results led FDA to grant accelerated approval to IMBRUVICA® for the treatment of MCL in patients who had received at least one prior therapy through the new Breakthrough Therapy Designation pathway, a process that allows the FDA to grant priority review to drug candidates if preliminary clinical trials indicate that the therapy may offer substantial treatment advantages over existing options for patients with serious or life-threatening diseases. IMBRUVICA® was one of the first drugs ever to receive FDA approval via the Breakthrough Therapy Designation.

6.      IMBRUVICA® has received three additional Breakthrough Therapy Designations for three additional indications: Waldenström's macroglobulinemia; chronic lymphocytic leukemia ("CLL") or small lymphocytic lymphoma ("SLL") with a deletion of the short arm of chromosome 17 (del 17p); and chronic graft-versus-host-disease ("cGVHD"). IMBRUVICA® is

also indicated for the treatment of marginal zone lymphoma ("MZL") in patients who require systemic therapy and have received at least one prior anti-CD20-based therapy and the treatment of CLL/SLL. For MZL and cGVHD, IMBRUVICA® represents the first FDA approved treatment specifically for patients with these disorders.

7.      IMBRUVICA® has one of the most robust clinical oncology development programs for a single molecule in the industry, with more than 130 ongoing clinical trials. There are approximately 30 ongoing company-sponsored trials, 14 of which are in Phase 3, and more than 100 investigator-sponsored trials and external collaborations that are active around the world.

8.      IMBRUVICA® has gained widespread acceptance in the medical community with approximately 100,000 patients around the world having been treated with IMBRUVICA®. In 2015, IMBRUVICA® was awarded the prestigious Prix Galien Award for Best Pharmaceutical Agent. The Prix Galien Award is considered the biomedical industry's highest accolade.

9.      The '090, '753, '382, '617, and '455 Patents are listed in the *Approved Drug Products with Therapeutic Equivalence Evaluations* (an FDA publication commonly known as the "Orange Book") for IMBRUVICA®.

## THE PARTIES

10.     Plaintiff Pharmacyclics LLC is a limited liability company organized and existing under the laws of the Delaware with its principal place of business at 999 East Arques Avenue, Sunnyvale, California 94085. Pharmacyclics is a wholly owned subsidiary of AbbVie Inc., a Delaware corporation with its principal place of business at 1 North Waukegan Road, North Chicago, Illinois 60064-6400. Pharmacyclics is the assignee and owner of the '090, '753, '382, '617, and '455 Patents. Pharmacyclics holds New Drug Application ("NDA") No. 205552 for IMBRUVICA®.

11.     Plaintiff Janssen Biotech, Inc. is a corporation organized and existing under the laws of Pennsylvania, with its principal place of business at 800/850 Ridgeview Drive, Horsham, Pennsylvania 19044. Janssen is a wholly owned subsidiary of Johnson & Johnson. Janssen is the exclusive licensee of the Orange Book patents for IMBRUVICA®. Janssen is engaged in the clinical development and commercialization of IMBRUVICA® and shares in the proceeds from U.S. sales of IMBRUVICA®.

12.     On information and belief, Defendant Hetero USA Inc. is a Delaware corporation with a principal place of business at 1035 Centennial Avenue, Piscataway, NJ, 08854. On information and belief, Hetero USA Inc. is a wholly-owned subsidiary of Hetero Labs Limited. On information and belief, Hetero USA Inc. is the U.S. Regulatory Agent for Hetero Labs Limited Unit-V, a division of Hetero Labs Limited.

13.     On information and belief, Defendant Hetero Labs Limited is a corporation organized and existing under the laws of India, with a place of business at 7-2-A2 Hetero Corporate Industrial Estate Sanath Nagar, Hyderabad, Telangana 500018 India.

14.     On information and belief, Defendant Hetero Labs Limited Unit-V is a corporation organized and existing under the laws of India with a place of business at Sy. No.: 439, 440, 441 & 458, TSIIC Formulation SEZ, Polepally Village, Jadcherla Mandal, Mahabubnagar, Telangana 509301 India.

15.     On information and belief, Defendant Hetero Labs Limited Unit-I is a corporation organized and existing under the laws of India with a place of business at Survey. No. 10, I.D.A. Gaddapotharam Village, Jinnaram Mandal, Sangareddy District, Telangana 502319 India. On information and belief, Defendant Hetero Labs Limited Unit-I is a division of Hetero Labs Limited.

16.     On information and belief, Hetero USA Inc., Hetero Labs Limited, Hetero Labs Limited Unit-V, and Hetero Labs Limited Unit-I collaborate with respect to the development, regulatory approval, marketing, sale, and/or distribution of pharmaceutical products. On information and belief, the Hetero Defendants are agents of one another and/or operate in concert as integrated parts of the same business group.

17.     On information and belief, Hetero caused ANDA No. 211182 to be submitted to FDA and seeks FDA approval of ANDA No. 211182.

18.     On information and belief, Hetero Labs Limited and/or Hetero Labs Limited Unit-I holds Drug Master File ("DMF") No. 31689 for ibrutinib.

19.     On information and belief, Hetero USA Inc., Hetero Labs Limited, Hetero Labs Limited Unit-V, and Hetero Labs Limited Unit-I acted collaboratively in the preparation and submission of ANDA No. 211182 and/or DMF No. 31689 and continue to act collaboratively in pursuing FDA approval of ANDA No. 211182 and seeking to market generic ibrutinib capsules.

20.     On information and belief, Hetero intends to commercially manufacture, market, offer for sale, and sell the proposed generic ibrutinib capsules described in Hetero's ANDA ("Hetero's ANDA Product") throughout the United States, including in the State of Delaware, in the event FDA approves Hetero's ANDA.

21.     On information and belief, Hetero USA Inc., Hetero Labs Limited, Hetero Labs Limited Unit-V, and Hetero Labs Limited Unit-I rely on material assistance from one another to market, distribute, offer for sale, and/or sell generic drugs in the U.S. market, including in the State of Delaware. On information and belief, Hetero USA Inc., Hetero Labs Limited, Hetero Labs Limited Unit-V, and Hetero Labs Limited Unit-I intend to act collaboratively to

commercially manufacture, market, distribute, offer for sale, and/or sell Hetero's ANDA Product, in the event FDA approves Hetero's ANDA.

## JURISDICTION AND VENUE

22.     This civil action for patent infringement arises under the patent laws of the United States, including 35 U.S.C. § 271.

23.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338.

24.     This Court has personal jurisdiction over Hetero because Hetero USA Inc. is a corporation organized and existing under the laws of Delaware. On information and belief, Hetero USA Inc. is registered to do business as a domestic corporation in Delaware (File Number 4837317).

25.     Additionally, this Court has personal jurisdiction over Hetero because, on information and belief, Hetero, *inter alia*, has continuous and systematic contacts with the State of Delaware, regularly conducts business in the State of Delaware, either directly or through one or more of its wholly owned subsidiaries, agents, and/or alter egos, has purposefully availed itself of the privilege of doing business in the State of Delaware, and intends to sell Hetero's ANDA Product in the State of Delaware upon approval of ANDA No. 211182.

26.     On information and belief, Hetero is in the business of manufacturing, marketing, importing, distributing, and selling pharmaceutical drug products, including generic drug products, either directly or through subsidiaries, agents, and/or alter egos, which Hetero manufactures, distributes, markets, and/or sells throughout the United States and in this judicial district.

27.     On information and belief, Hetero is licensed to sell generic and proprietary pharmaceutical products in the State of Delaware, either directly or through one or more of its wholly owned subsidiaries, agents, and/or alter egos.

28.     Hetero has committed, or aided, abetted, contributed to, and/or participated in the commission of, acts of patent infringement that will lead to foreseeable harm and injury to Plaintiffs, which manufacture and/or market IMBRUVICA® for sale and use throughout the United States, including in this judicial district. On information and belief and as indicated by a letter dated October 12, 2018 sent by Hetero USA Inc. to, *inter alia*, Pharmacyclics and Janssen pursuant to 21 U.S.C. § 355(j)(2)(B) ("Notice Letter"), Hetero prepared and filed its ANDA with the intention of seeking to market the ANDA Product nationwide, including within this judicial district.

29.     On information and belief, Hetero plans to sell its ANDA Product in the State of Delaware, list its ANDA Product on the State of Delaware's prescription drug formulary, and seek Medicaid reimbursements for sales of its ANDA Product in the State of Delaware, either directly or through one or more of its wholly owned subsidiaries, agents, and/or alter egos.

30.     On information and belief, Hetero knows and intends that its proposed ANDA Product will be distributed and sold in Delaware and will thereby displace sales of IMBRUVICA®, causing injury to Plaintiffs. Hetero intends to take advantage of its established channels of distribution in Delaware for the sale of its proposed ANDA Product.

31.     Hetero USA Inc., Hetero Labs Limited, and Hetero Labs Limited Unit-V regularly invoke the jurisdiction of the courts of this judicial district by filing counterclaims in other actions before this judicial district. *See, e.g.*, *Novartis Pharmaceuticals Corporation v. Accord Healthcare Inc., et al.*, C.A. No. 18-1043-LPS, D.I. 66 (D. Del. Aug. 9, 2018); *AbbVie*

*Inc. v. Hetero Labs Limited et al.*, C.A. No. 14-1137-RGA, D.I. 9 (D. Del. Sept. 10, 2014);

*AbbVie Inc. et al. v. Hetero USA, Inc., et al.*, C.A. No. 14-543-RGA, D.I. 8 (D. Del. Apr. 30,

2014); *Otsuka Pharm. Co. Ltd. v. Hetero USA Inc., et al.*, C.A. No. 14-421-RGA, D.I. 15

(D. Del. Jul. 7, 2014); *Teijin Ltd. et al. v. Hetero USA, et al.*, C.A. No. 14-166-SLR, D.I. 19

(D. Del. Apr. 2, 2014); *In Re: Bendamustine Consolidated Cases*, C.A. No. 13-2046-GMS,

D.I. 11 (D. Del. Mar. 31, 2014); *Pfizer Inc. v. Hetero USA Inc., et al.*, C.A. No. 13-2021-GMS,

D.I. 8 (D. Del. Dec. 16, 2013); *Forest Labs Inc. et al. v. Hetero USA Inc., et al*, C.A. No. 13-

1603-SLR, D.I. 14 (D. Del. Nov. 22, 2013); *Eisai Co. Ltd., et al. v. Hetero Labs Ltd., et al.*,

C.A. No. 13-1280-LPS, D.I. 14 (D. Del. Sept. 27, 2013); *UCB Inc., et al. v. Hetero USA Inc., et*

*al.*, C.A. No. 13-1213-LPS, D.I. 14 (D. Del. Sept. 13, 2013); *Kissei Pharm. Co. Ltd., et al. v.*

*Hetero USA Inc., et al.*, C.A. No. 13-1091-LPS, D.I. 15 (D. Del. Oct. 3, 2013); and *AbbVie Inc.,*

*et al. v. Hetero USA Inc., et al.*, C.A. No. 13-852-RGA, D.I. 8 (D. Del. Jun. 6, 2013).

32.     Alternatively, this Court has personal jurisdiction over Hetero Labs Limited,

Hetero Labs Limited Unit-V, and Hetero Labs Limited Unit-I because the requirements of

Federal Rule of Civil Procedure 4(k)(2)(A) are met as (a) Plaintiffs' claims arise under federal

law; (b) Hetero Labs Limited, Hetero Labs Limited Unit-V, and Hetero Labs Limited Unit-I are

foreign defendants not subject to general personal jurisdiction in the courts of any state; and

(c) Hetero Labs Limited, Hetero Labs Limited Unit-V, and Hetero Labs Limited Unit-I have

sufficient contacts in the United States as a whole, including, but not limited to, participating in

the preparation and submission of Hetero's ANDA, preparing and submitting DMF No. 31689 to

FDA, and/or manufacturing and/or selling pharmaceutical products distributed throughout the

United States including in this judicial district, such that this Court's exercise of jurisdiction over

Hetero Labs Limited, Hetero Labs Limited Unit-V, and Hetero Labs Limited Unit-I satisfies due process.

33.     Venue is proper in this district for Hetero USA Inc. pursuant to 28 U.S.C. § 1400(b) because, *inter alia*, Hetero USA Inc. is a corporation organized and existing under the laws of the State of Delaware.

34.     Venue is proper in this district for Hetero Labs Limited pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, *inter alia*, Hetero Labs Limited is a corporation organized and existing under the laws of India and may be sued in any judicial district. 28 U.S.C. § 1391(c)(3).

35.     Venue is proper in this district for Hetero Labs Limited Unit-V pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, *inter alia*, Hetero Labs Limited Unit-V is a corporation organized and existing under the laws of India and may be sued in any judicial district. 28 U.S.C. § 1391(c)(3).

36.     Venue is proper in this district for Hetero Labs Limited Unit-I pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, *inter alia*, Hetero Labs Limited Unit-I is a corporation organized and existing under the laws of India and may be sued in any judicial district. 28 U.S.C. § 1391(c)(3).

## THE ASSERTED PATENTS

37.     The '090 Patent, entitled "Use of Inhibitors of Bruton's Tyrosine Kinase (BTK)," was duly and lawfully issued by the USPTO on June 17, 2014. A true and correct copy of the '090 Patent is attached hereto as Exhibit A.

38.     The '753 Patent, entitled "Crystalline Forms of a Bruton's Tyrosine Kinase Inhibitor," was duly and lawfully issued by the USPTO on March 29, 2016. A true and correct copy of the '753 Patent is attached hereto as Exhibit B.

39.     The '382 Patent, entitled "Crystalline Forms of a Bruton's Tyrosine Kinase Inhibitor," was duly and lawfully issued by the USPTO on January 10, 2017. A true and correct copy of the '382 Patent is attached hereto as Exhibit C.

40.     The '617 Patent, entitled "Crystalline Forms of a Bruton's Tyrosine Kinase Inhibitor," was duly and lawfully issued by the USPTO on July 25, 2017. A true and correct copy of the '617 Patent is attached hereto as Exhibit D.

41.     The '455 Patent, entitled "Crystalline Forms of a Bruton's Tyrosine Kinase Inhibitor," was duly and lawfully issued by the USPTO on August 8, 2017. A true and correct copy of the '455 Patent is attached hereto as Exhibit E.

## HETERO'S ANDA NO. 211182

42.     On information and belief, Hetero has submitted ANDA No. 211182 to FDA, or caused ANDA No. 211182 to be submitted to FDA, under 21 U.S.C. § 355(j), in order to obtain approval to engage in the commercial manufacture, use, or sale of ibrutinib capsules as a purported generic version of IMBRUVICA® prior to the expiration of the '090, '753, '382, '617, and '455 Patents.

43.     On information and belief, FDA has not approved Hetero's ANDA.

44.     Hetero USA Inc. sent Pharmacyclics and Janssen a Notice Letter dated October 12, 2018. The Hetero Notice Letter represented that Hetero had submitted to FDA ANDA No. 211182 and a purported Paragraph IV certification for, *inter alia*, the '090, '753, '382, '617, and '455 Patents.

45.     According to applicable regulations, Notice Letters such as Hetero's must contain a detailed statement of the factual and legal basis for the applicant's opinion that the patent is invalid, unenforceable, or not infringed which includes a claim-by-claim analysis, describing "for each claim of a patent alleged not to be infringed, a full and detailed explanation of why the

claim is not infringed" and "for each claim of a patent alleged to be invalid or unenforceable, a full and detailed explanation of the grounds supporting the allegation." *See* 21 CFR § 314.95(c)(7); *see also* 21 CFR § 314.52.

46.     For at least one claim of each of the '090, '753, and '455 Patents, Hetero's Notice Letter failed to allege that its ANDA Product or the proposed administration of that Product would not meet the limitations of that claim.

47.     On information and belief, if FDA approves Hetero's ANDA, Hetero will manufacture, offer for sale, or sell its ANDA Product, within the United States, including within the State of Delaware, or will import its ANDA Product into the United States, including the State of Delaware. The manufacture, use, offer for sale, sale, or importation of Hetero's ANDA Product will directly infringe the '090, '753, '382, '617, and '455 Patents, either literally or under the doctrine of equivalents, and Hetero will actively induce and/or contribute to their infringement.

48.     This action is being brought within forty-five days of Plaintiffs' receipt of Hetero's Notice Letter, pursuant to 21 U.S.C. § 355(c)(3)(C). Accordingly, Plaintiffs are entitled to a stay of FDA approval pursuant to 21 U.S.C. § 355(j)(5)(B)(iii) and U.S.C. § 355(j)(5)(F)(ii).

## COUNT I
## INFRINGEMENT OF THE '090 PATENT BY HETERO

49.     Plaintiffs restate, reallege, and incorporate by reference paragraphs 1–48 as if fully set forth herein.

50.     On information and belief, Hetero submitted or caused the submission of ANDA No. 211182 to FDA, and thereby seeks FDA approval of Hetero's ANDA Product.

51.     Plaintiffs own all rights, title, and interest in and to the '090 Patent.

52.     Hetero's ANDA Product infringes one or more claims of the '090 Patent.

53. Hetero did not contest infringement of claims 1–2 of the '090 Patent in Hetero's Notice Letter. If Hetero had a factual or legal basis to contest infringement of the claims of the '090 Patent, it was required by applicable regulations to state such a basis in its Notice Letter. *See* 21 CFR § 314.95(c)(7); 21 CFR § 314.52.

54. Hetero has infringed one or more claims of the '090 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting ANDA No. 211182 with a Paragraph IV certification and thereby seeking FDA approval of a generic version of IMBRUVICA® prior to the expiration of the '090 Patent.

55. On information and belief, the importation, manufacture, sale, offer for sale, or use of Hetero's ANDA Product prior to the expiration of the '090 Patent would infringe one or more claims of the '090 Patent under 35 U.S.C. § 271(a), and/or Hetero would induce the infringement of and/or contribute to the infringement of one or more claims of the '090 Patent under 35 U.S.C. § 271 (b) and/or (c).

56. Hetero had actual and constructive notice of the '090 Patent prior to filing ANDA No. 211182, and was aware that the filing of ANDA No. 211182 with the request for FDA approval prior to the expiration of the '090 Patent would constitute an act of infringement of the '090 Patent.

57. Hetero filed its ANDA without adequate justification for asserting that the '090 Patent is invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of its ANDA Product. Hetero's conduct in certifying invalidity and/or non-infringement with respect to the '090 Patent renders this case "exceptional" as that term is set forth in 35 U.S.C. § 285, and entitles Plaintiffs to recovery of their attorneys' fees and such other relief as this Court deems proper.

58.     Plaintiffs will be irreparably harmed if Hetero is not enjoined from infringing, and from actively inducing or contributing to the infringement of the '090 Patent. Plaintiffs do not have an adequate remedy at law, and considering the balance of hardships between Plaintiffs and Hetero, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

## COUNT II
## INFRINGEMENT OF THE '753 PATENT BY HETERO

59.     Plaintiffs restate, reallege, and incorporate by reference paragraphs 1–58 as if fully set forth herein.

60.     On information and belief, Hetero submitted or caused the submission of ANDA No. 211182 to FDA, and thereby seeks FDA approval of Hetero's ANDA Product.

61.     Plaintiffs own all rights, title, and interest in and to the '753 Patent.

62.     Hetero's ANDA Product infringes one or more claims of the '753 Patent.

63.     Hetero did not contest infringement of claims 1–18 of the '753 Patent in Hetero's Notice Letter. If Hetero had a factual or legal basis to contest infringement of the claims of the '753 Patent, it was required by applicable regulations to state such a basis in its Notice Letter. *See* 21 CFR § 314.95(c)(7); 21 CFR § 314.52.

64.     Hetero has infringed one or more claims of the '753 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting ANDA No. 211182 with a Paragraph IV certification and thereby seeking FDA approval of a generic version of IMBRUVICA® prior to the expiration of the '753 Patent.

65.     On information and belief, the importation, manufacture, sale, offer for sale, or use of Hetero's ANDA Product prior to the expiration of the '753 Patent would infringe one or more claims of the '753 Patent under 35 U.S.C. § 271(a), and/or Hetero would induce the

infringement of and/or contribute to the infringement of one or more claims of the '753 Patent under 35 U.S.C. § 271 (b) and/or (c).

66.     Hetero had actual and constructive notice of the '753 Patent prior to filing ANDA No. 211182, and was aware that the filing of ANDA No. 211182 with the request for FDA approval prior to the expiration of the '753 Patent would constitute an act of infringement of the '753 Patent.

67.     Hetero filed its ANDA without adequate justification for asserting that the '753 Patent is invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of its ANDA Product. Hetero's conduct in certifying invalidity with respect to the '753 Patent renders this case "exceptional" as that term is set forth in 35 U.S.C. § 285, and entitles Plaintiffs to recovery of their attorneys' fees and such other relief as this Court deems proper.

68.     Plaintiffs will be irreparably harmed if Hetero is not enjoined from infringing, and from actively inducing or contributing to the infringement of the '753 Patent. Plaintiffs do not have an adequate remedy at law, and considering the balance of hardships between Plaintiffs and Hetero, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

## COUNT III
## INFRINGEMENT OF THE '382 PATENT BY HETERO

69.     Plaintiffs restate, reallege, and incorporate by reference paragraphs 1–68 as if fully set forth herein.

70.     On information and belief, Hetero submitted or caused the submission of ANDA No. 211182 to FDA, and thereby seeks FDA approval of Hetero's ANDA Product.

71.     Plaintiffs own all rights, title, and interest in and to the '382 Patent.

72.     Hetero's ANDA Product infringes one or more claims of the '382 Patent literally or under the doctrine of equivalents.

73.     Hetero has infringed one or more claims of the '382 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting ANDA No. 211182 with a Paragraph IV certification and thereby seeking FDA approval of a generic version of IMBRUVICA® prior to the expiration of the '382 Patent.

74.     On information and belief, the importation, manufacture, sale, offer for sale, or use of Hetero's ANDA Product prior to the expiration of the '382 Patent would infringe one or more claims of the '382 Patent under 35 U.S.C. § 271(a), and/or Hetero would induce the infringement of and/or contribute to the infringement of one or more claims of the '382 Patent under 35 U.S.C. § 271 (b) and/or (c).

75.     Hetero had actual and constructive notice of the '382 Patent prior to filing ANDA No. 211182, and was aware that the filing of ANDA No. 211182 with the request for FDA approval prior to the expiration of the '382 Patent would constitute an act of infringement of the '382 Patent.

76.     Hetero filed its ANDA without adequate justification for asserting that the '382 Patent is invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of its ANDA Product. Hetero's conduct in certifying invalidity and/or non-infringement with respect to the '382 Patent renders this case "exceptional" as that term is set forth in 35 U.S.C. § 285, and entitles Plaintiffs to recovery of their attorneys' fees and such other relief as this Court deems proper.

77.     Plaintiffs will be irreparably harmed if Hetero is not enjoined from infringing, and from actively inducing or contributing to the infringement of the '382 Patent. Plaintiffs do not

have an adequate remedy at law, and considering the balance of hardships between Plaintiffs and Hetero, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

## COUNT IV
## INFRINGEMENT OF THE '617 PATENT BY HETERO

78.     Plaintiffs restate, reallege, and incorporate by reference paragraphs 1–77 as if fully set forth herein.

79.     On information and belief, Hetero submitted or caused the submission of ANDA No. 211182 to FDA, and thereby seeks FDA approval of Hetero's ANDA Product.

80.     Plaintiffs own all rights, title, and interest in and to the '617 Patent.

81.     Hetero's ANDA Product infringes one or more claims of the '617 Patent literally or under the doctrine of equivalents.

82.     Hetero has infringed one or more claims of the '617 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting ANDA No. 211182 with a Paragraph IV certification and thereby seeking FDA approval of a generic version of IMBRUVICA® prior to the expiration of the '617 Patent.

83.     On information and belief, the importation, manufacture, sale, offer for sale, or use of Hetero's ANDA Product prior to the expiration of the '617 Patent would infringe one or more claims of the '617 Patent under 35 U.S.C. § 271(a), and/or Hetero would induce the infringement of and/or contribute to the infringement of one or more claims of the '617 Patent under 35 U.S.C. § 271 (b) and/or (c).

84.     Hetero had actual and constructive notice of the '617 Patent prior to filing ANDA No. 211182, and was aware that the filing of ANDA No. 211182 with the request for FDA

approval prior to the expiration of the '617 Patent would constitute an act of infringement of the '617 Patent.

85.     Hetero filed its ANDA without adequate justification for asserting that the '617 Patent is invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of its ANDA Product. Hetero's conduct in certifying invalidity and/or non-infringement with respect to the '617 Patent renders this case "exceptional" as that term is set forth in 35 U.S.C. § 285, and entitles Plaintiffs to recovery of their attorneys' fees and such other relief as this Court deems proper.

86.     Plaintiffs will be irreparably harmed if Hetero is not enjoined from infringing, and from actively inducing or contributing to the infringement of the '617 Patent. Plaintiffs do not have an adequate remedy at law, and considering the balance of hardships between Plaintiffs and Hetero, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

## COUNT V
## INFRINGEMENT OF THE '455 PATENT BY HETERO

87.     Plaintiffs restate, reallege, and incorporate by reference paragraphs 1–86 as if fully set forth herein.

88.     On information and belief, Hetero submitted or caused the submission of ANDA No. 211182 to FDA, and thereby seeks FDA approval of Hetero's ANDA Product.

89.     Plaintiffs own all rights, title, and interest in and to the '455 Patent.

90.     Hetero's ANDA Product infringes one or more claims of the '455 Patent.

91.     Hetero did not contest infringement of claims 1–13 of the '455 Patent in Hetero's Notice Letter. If Hetero had a factual or legal basis to contest infringement of the claims of the

'455 Patent, it was required by applicable regulations to state such a basis in its Notice Letter. *See* 21 CFR § 314.95(c)(7); 21 CFR § 314.52.

92.     Hetero has infringed one or more claims of the '455 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting ANDA No. 211182 with a Paragraph IV certification and thereby seeking FDA approval of a generic version of IMBRUVICA® prior to the expiration of the '455 Patent.

93.     On information and belief, the importation, manufacture, sale, offer for sale, or use of Hetero's ANDA Product prior to the expiration of the '455 Patent would infringe one or more claims of the '455 Patent under 35 U.S.C. § 271(a), and/or Hetero would induce the infringement of and/or contribute to the infringement of one or more claims of the '455 Patent under 35 U.S.C. § 271 (b) and/or (c).

94.     Hetero had actual and constructive notice of the '455 Patent prior to filing ANDA No. 211182, and was aware that the filing of ANDA No. 211182 with the request for FDA approval prior to the expiration of the '455 Patent would constitute an act of infringement of the '455 Patent.

95.     Hetero filed its ANDA without adequate justification for asserting that the '455 Patent is invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of its ANDA Product. Hetero's conduct in certifying invalidity with respect to the '455 Patent renders this case "exceptional" as that term is set forth in 35 U.S.C. § 285, and entitles Plaintiffs to recovery of their attorneys' fees and such other relief as this Court deems proper.

96.     Plaintiffs will be irreparably harmed if Hetero is not enjoined from infringing, and from actively inducing or contributing to the infringement of the '455 Patent. Plaintiffs do not

have an adequate remedy at law, and considering the balance of hardships between Plaintiffs and Hetero, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the following relief:

(A)     A judgment that Hetero has infringed the '090, '753, '382, '617, and '455 Patents under 35 U.S.C. § 271(e)(2)(A);

(B)     A judgment and order, pursuant to 35 U.S.C. § 271(e)(4)(A), that the effective date of any FDA approval of Hetero's ANDA shall be no earlier than the last expiration date of any of the '090, '753, '382, '617, and '455 Patents, or any later expiration of exclusivity for any of the '090, '753, '382, '617, and '455 Patents, including any extensions or regulatory exclusivities;

(C)     Entry of a permanent injunction enjoining Hetero, its officers, agents, employees, parents, affiliates, and subsidiaries, and all persons and entities acting in concert with Hetero or on its behalf from commercially manufacturing, using, offering for sale, or selling its ANDA Product within the United States, or importing its ANDA Product into the United States, until the day after the expiration of the '090, '753, '382, '617, and '455 Patents, including any additional exclusivity period applicable to those patents, and from otherwise infringing the claims of the '090, '753, '382, '617, and '455 Patents;

(D)     A judgment declaring that making, using, selling, offering to sell, or importing Hetero's ANDA Product, or inducing or contributing to such conduct, would constitute infringement of the '090, '753, '382, '617, and '455 Patents pursuant to 35 U.S.C. § 271 (a), (b), and/or (c);

(E)     A declaration under 28 U.S.C. § 2201 that if Hetero, its officers, agents, employees, parents, affiliates, and subsidiaries, and all persons and entities acting in concert with it or on its behalf, engage in the commercial manufacture, use, offer for sale, sale or importation of Hetero's ANDA Product, it will constitute an act of infringement pursuant to 35 U.S.C. § 271 (a), (b), and/or (c);

(F)     An award of damages or other relief, pursuant to 35 U.S.C. § 271(e)(4)(C), if Hetero engages in the commercial manufacture, use, offer for sale, sale, and/or importation of its ANDA Product, or any product that infringes the '090, '753, '382, '617, and '455 Patents, or induces or contributes to such conduct, prior to the expiration of the patents including any additional exclusivity period applicable to those patents;

(G)     A finding that this is an exceptional case, and an award of attorneys' fees in this action pursuant to 35 U.S.C. § 285;

(H)     Costs and expenses in this action; and

(I)     Such other and further relief as the Court deems just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*

_____

Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
jtigan@mnat.com

*Attorneys for Plaintiffs Pharmacyclics LLC and Janssen Biotech, Inc.*

OF COUNSEL:

Christopher N. Sipes
Erica N. Andersen
Brianne Bharkhda
Nicholas L. Evoy
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001-4956
(202) 662-6000

*Attorneys for Pharmacyclics LLC*

Gregory L. Diskant
Irena Royzman
Jordan M. Engelhardt
Lachlan Campbell-Verduyn
Nicole A. Conlon
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036
(212) 336-2000

*Attorneys for Janssen Biotech, Inc.*

November 12, 2018